| | | |
|---|---|---|
| **SUMMONS - CIVIL**<br>JD-CV-1  Rev. 2-22<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;<br>P.B. §§ 3-1 through 3-21, 8-1, 10-13 | **For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.** | **STATE OF CONNECTICUT<br>SUPERIOR COURT**<br>*www.jud.ct.gov*  |

**Instructions are on page 2.**

- [ ] Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.
- [X] Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.
- [ ] Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk *(Number, street, town and zip code)*<br>1061 Main Street, Bridgeport, CT 06604 | Telephone number of clerk<br>( 203 ) 579 - 6527 | Return Date *(Must be a Tuesday)*<br>**August 16, 2022** |
|---|---|---|
| [X] Judicial District    G.A.<br>[ ] Housing Session   [ ] Number: | At *(City/Town)*<br>**Bridgeport** | Case type code *(See list on page 2)*<br>Major: **T**    Minor: **03** |

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented *(Number, street, town and zip code)*<br>Kennedy, Johnson, Schwab & Roberge, LLC., 555 Long Wharf Dr, 13th Fl., New Haven, CT 06511 | Juris number *(if attorney or law firm)*<br>106077 |
|---|---|
| Telephone number<br>( 203 ) 865 - 8430 | Signature of plaintiff *(if self-represented)* |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | [X] Yes [ ] No | E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book *(if agreed)*<br>bnelligan@kennedyjohnson.com |
|---|---|---|

| Parties | Name *(Last, First, Middle Initial)* and address of each party *(Number; street; P.O. Box; town; state; zip; country, if not USA)* | |
|---|---|---|
| **First plaintiff** | Name:  Wade-West, Camilla<br>Address: 223 Judd Street, Fairfield, CT  06825 | P-01 |
| **Additional plaintiff** | Name:<br>Address: | P-02 |
| **First defendant** | Name: Home Depot U.S.A., Inc., c/o Agent for Service:  Corporation Service Company<br>Address: Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT  06103 | D-01 |
| **Additional defendant** | Name: Diversified Maintenance Services LLC., c/o Agent for Service:  Gregory J. Stiles<br>Address: 132 Capen Street, Windsor, CT  06095 | D-02 |
| **Additional defendant** | Name:<br>Address: | D-03 |
| **Additional defendant** | Name:<br>Address: | D-04 |

| Total number of plaintiffs: 1 | Total number of defendants: 2 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date<br>07/08/2022 | Signed *(Sign and select proper box)*<br>/s/ | [X] Commissioner of Superior Court<br>[ ] Clerk | Name of person signing<br>Brendan K. Nelligan, Esq. |
|---|---|---|---|

If this summons is signed by a Clerk:
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

| I certify I have read and understand the above: | Signed *(Self-represented plaintiff)* | Date | Docket Number |
|---|---|---|---|

*For Court Use Only*
File Date
A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

**Instructions**

1. Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.
2. If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.
3. Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.
4. After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.
5. Use this summons for the case type codes shown below.
   Do not use this summons for the following actions:
   (a) Family matters (for example divorce, child support, custody, parentage, and visitation matters)
   (b) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals
   (f) Proceedings pertaining to arbitration
   (g) Summary Process (Eviction) actions
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

**Case Type Codes**

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 50 | Uninsured/Underinsured Motorist Coverage |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Housing | H 10 | Housing - Return of Security Deposit |
| | H 12 | Housing - Rent and/or Damages |
| | H 40 | Housing - Housing - Audita Querela/Injunction |
| | H 50 | Housing - Administrative Appeal |
| | H 60 | Housing - Municipal Enforcement |
| | H 90 | Housing - All Other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 15 | Receivership for Abandoned/Blighted Property |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 |
| | M 90 | All other |

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other<br>*Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 16, 2022** | : | **SUPERIOR COURT** |
| **CAMILLA WADE-WEST** | : | **J.D. OF FAIRFIELD** |
| **V.** | : | **AT BRIDGEPORT** |
| **HOME DEPOT USA, INC., ET AL** | : | **JULY 8, 2022** |

## COMPLAINT

**FIRST COUNT:**   (As against Home Depot U.S.A., Inc.)

1. On or about August 19, 2020, and at all times relevant herein, the defendant, Home Depot U.S.A., Inc., owned, managed, controlled, possessed, and/or maintained the premises located at 541 King Highway Cutoff, Fairfield, Connecticut.

2. At all times relevant herein, the defendant operated a retail business at the aforementioned premises and had a nondelegable duty to keep and maintain the premises in safe condition for use by its invitees.

3. On said date, the plaintiff, Camilla Wade-West, was lawfully present on said premises as an invitee of defendant at the aforesaid premises.

4. On or about August 19, 2020, there existed a dangerous and/or unsafe condition on the premises consisting of a liquid substance in the store aisle.

5. On said date, as the plaintiff proceeded down an interior aisle, she was suddenly and without warning caused to slip and fall on the liquid substance existing on the floor.

6. The plaintiff's injuries, damages, and losses were proximately caused by the carelessness and negligence the defendant, its agents, servants, and/or employees, in one or more of the following ways:

> (a) IN THAT it failed to inspect the premises to determine if there were any dangerous defective condition then and there existing, namely, a liquid substance on the floor which created a slipping hazard;
>
> (b) IN THAT it failed to warn the plaintiff of the dangerous condition then and there existing, namely a liquid substance on the floor which created a slipping hazard, by appropriately marking the area with signs, visual cues, barriers, or any other reasonable method;
>
> (c) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the premises, thereby creating a danger to those on the premises, including the plaintiff;

(d) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the floor, thereby creating a danger to those on the premises, including the plaintiff;

(e) IN THAT it failed to fill or otherwise remedy the liquid substance on the floor;

(f) IN THAT it failed to fix or remediate the liquid substance on the floor;

(g) IN THAT it knew or should have known of the defective conditions, to wit, the liquid substance on the floor, and yet took no measures to remediate them;

(h) IN THAT it failed to blockade the floor to protect invitees from the dangerous condition then and there existing;

(i) IN THAT it knew, or in the exercise of reasonable care should have known, of the dangerous condition, yet took no measures to warn invitees of same

(j) IN THAT they created or caused the liquid substance to be on the floor of the aisle, thus posing a hazard to invitees.

7. As a direct result of the carelessness and negligence of the defendant, their agents, servants, and/or employees, the plaintiff sustained the following injuries and

damages, from which injuries or the effects thereof the plaintiff sustained pain and suffering, and which injuries or the effects thereof are or may be permanent in nature:

 (a) Right knee pain;

 (b) Right knee prepatellar bursistis requiring surgical intervention;

 (c) Right knee contusion/hematoma

8. As a further result of the careless and negligence of the defendant its agents, servants and/or employees, the plaintiff incurred medical expenses for medical care and attention, x-rays, therapy and medicines and may incur additional expenses for these items in the future.

9. As a further result of the carelessness and negligence of the defendant, Home Depot U.S.A., Inc., it's agents, servants and/or employees, the plaintiff's work, normal daily activities, and enjoyments of life have been impaired and may be so impaired and may be so impaired in the future, including loss of earnings and earning capacity.

**SECOND COUNT** (as against Diversified Maintenance Services LLC)

1. At all times mentioned herein, the defendant Diversified Maintenance Services LLC was and is a corporation which conducts and transacts substantial business in the State of Connecticut.

2. At all times mentioned herein, the defendant Diversified Maintenance Services LLC provided maintenance and janitorial services to the defendant Home Depot U.S.A., Inc. at its premises located at 541 King Highway Cutoff, Fairfield, Connecticut.

3. On or about August 19, 2020, the defendant's agent, servant and/or employee was operating a self-propelled floor cleaning machine inside the Home Depot U.S.A., Inc. premises located at 541 King Highway Cutoff, Fairfield, Connecticut.

4. At said time and at said place, the defendant's agent, servant and/or employee operated the floor cleaning machine within the interior aisles of the store causing liquid to accumulate on the floor.

5. On said date, the plaintiff, Camilla Wade-West, was lawfully present on said premises as an invitee of defendant at the aforesaid premises.

6. On said date, as the plaintiff proceeded down an interior aisle, she was suddenly and without warning caused to slip and fall on the liquid substance existing on the floor.

7. The plaintiff's injuries, damages, and losses were proximately caused by the carelessness and negligence the defendant, its agents, servants, and/or employees, in one or more of the following ways:

A) IN THAT it failed to inspect the premises to determine if there were any dangerous defective condition then and there existing, namely, a liquid substance on the floor which created a slipping hazard;

B) IN THAT it failed to warn the plaintiff of the dangerous condition then and there existing, namely a liquid substance on the floor which created a slipping hazard, by appropriately marking the area with signs, visual cues, barriers, or any other reasonable method;

C) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the premises, thereby creating a danger to those on the premises, including the plaintiff;

D) IN THAT it allowed, caused and/or permitted the liquid substance to remain on the floor, thereby creating a danger to those on the premises, including the plaintiff;

E) IN THAT it failed to fill or otherwise remedy the liquid substance on the floor;

F) IN THAT it failed to fix or remediate the liquid substance on the floor;

G) IN THAT it knew or should have known of the defective conditions, to wit, the liquid substance on the floor, and yet took no measures to remediate them;

H) IN THAT it failed to blockade the floor to protect invitees from the dangerous condition then and there existing;

I) IN THAT it knew, or in the exercise of reasonable care should have known, of the dangerous condition, yet took no measures to warn invitees of same

J) IN THAT they created or caused the liquid substance to be on the floor of the aisle, thus posing a hazard to invitees.

K) IN THAT they failed to train or adequately instruct its agents. Servants, and/or employees concerning the operation of the floor cleaning machine.

L) IN THAT they failed to implement appropriate policies and procedures concerning the use of the floor cleaning machine.

8. As a direct result of the carelessness and negligence of the defendant, their agents, servants, and/or employees, the plaintiff sustained the following injuries and

damages, from which injuries or the effects thereof the plaintiff sustained pain and suffering, and which injuries or the effects thereof are or may be permanent in nature:

      (d) Right knee pain;

      (e) Right knee prepatellar bursistis requiring surgical intervention;

      (f) Right knee contusion/hematoma

9. As a further result of the careless and negligence of the defendant its agents, servants and/or employees, the plaintiff incurred medical expenses for medical care and attention, x-rays, therapy and medicines and may incur additional expenses for these items in the future.

10. As a further result of the carelessness and negligence of the defendant, Diversified Maintenance Services, LLC., it's agents, servants and/or employees, the plaintiff's work, normal daily activities, and enjoyments of life have been impaired and may be so impaired and may be so impaired in the future, including loss of earnings and earning capacity.

**WHEREFORE**, the plaintiff claims money damages.

Dated at New Haven, Connecticut this 8th day of July, 2022.

*Kennedy, Johnson, Schwab & Roberge L.L.C.* • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077

THE PLAINTIFF

BY: _____
Brendan K. Nelligan, Esq.
Kennedy Johnson Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
Juris No. 106077
Tel. 203-865-8430

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | | |
|---|---|---|
| **RETURN DATE: AUGUST 16, 2022** | : | **SUPERIOR COURT** |
| **CAMILLA WADE-WEST** | : | **J.D. OF FAIRFIELD** |
| **V.** | : | **AT BRIDGEPORT** |
| **HOME DEPOT USA, INC., ET AL** | : | **JULY 8, 2022** |

p

## STATEMENT OF AMOUNT IN DEMAND

The plaintiff claims compensatory damages within the jurisdiction of this court in excess of FIFTEEN THOUSAND DOLLARS ($15,000.00)

THE PLAINTIFF

BY: _/s/ Brendan K. Nelligan_
Brendan K. Nelligan, Esq.
Kennedy Johnson Schwab & Roberge, LLC
555 Long Wharf Drive, 13th Floor
New Haven, CT  06511
Juris No. 106077
Tel. 203-865-8430

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

*Kennedy, Johnson, Schwab & Roberge L.L.C.* • ATTORNEYS AT LAW
LONG WHARF MARITIME CENTER • 555 LONG WHARF DRIVE, 13th Floor • NEW HAVEN, CT 06511
FAX (203) 865-5345 • (203) 865-8430 • JURIS NO. 106077